**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4134

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEAN TERRY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (3:22-cr-00123-KDB-DCK-1)

Submitted:  February 14, 2024                          Decided:  March 1, 2024

Before THACKER and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  John G. Baker, Federal Public Defender, Melissa S. Baldwin, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dean Terry pleaded guilty without a plea agreement to a single count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Based on his relevant conduct and criminal history, Terry received a base offense level enhancement for having two prior felony convictions for controlled substance offenses, and his Sentencing Guidelines range amounted to 100 to 120 months' imprisonment. Terry objected to his base offense level enhancement. Citing the Second Circuit's decision in *United States v. Gibson*, 55 F.4th 153 (2d Cir. 2022), *aff'd on reh'g*, 60 F.4th 720 (2d Cir. 2023), he argued that his predicate New York state convictions for third-degree sale and attempted sale of a controlled substance should not qualify as controlled substance offenses under the Guidelines because the relevant New York statute criminalizes more drugs than appear on the federal Controlled Substances Act schedules. The district court overruled Terry's objection, noting that *Gibson* directly conflicts with our decision in *United States v. Ward*, 972 F.3d 364 (4th Cir. 2020). Finding that Terry's New York state convictions did qualify as controlled substance offenses, the court sentenced him to 108 months' imprisonment, in the middle of the applicable Guidelines range. On appeal, Terry asserts that his sentence is procedurally unreasonable because the court failed to address his arguments for a lower sentence. He further contends that his sentence is substantively unreasonable because the court relied on an improper rationale to impose a disparate sentence. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212

2

(4th Cir. 2020) (alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We are obliged to first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall*, 552 U.S. at 51). "[T]he district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments. Importantly, in a routine case, where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy." *United States v. Fowler*, 58 F.4th 142, 153 (4th Cir. 2023) (internal quotation marks and citation omitted). "[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011). And "[w]hen a district court has fully addressed the defendant's central thesis during sentencing, it need not address separately each supporting data point marshalled for a downward variance." *Fowler*, 58 F.4th at 153-54 (internal quotation marks omitted).

"If . . . the district court has not committed procedural error," we then "assess the substantive reasonableness of the sentence." *Nance*, 957 F.3d at 212. Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is

3

unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Upon review, we conclude that the sentence is both procedurally and substantively reasonable. Terry argued for a lower sentence based on the alleged disparity in sentences under the Second Circuit's and Fourth Circuit's differing interpretations of the Guidelines. After listening to both parties' arguments, the district court explicitly discussed how *Ward* bound the court regarding Terry's base offense level enhancement for prior controlled substance offenses and considered any resulting sentencing disparity in its analysis along with the other § 3553(a) factors. The court thus "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Therefore, we discern no error in the court's explanation for Terry's sentence. We are satisfied that the sentence is otherwise procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). And while Terry argues that his sentence is substantively unreasonable, he fails to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

Accordingly, because Terry's sentence is both procedurally and substantively reasonable, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4